# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 22, 2016 Session

## THEODORE ELASTER, JR., ET AL. v. HAMILTON COUNTY DEPARTMENT OF EDUCATION, ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 13C605     W. Neil Thomas, III, Judge

### No. E2015-02241-COA-R3-CV-FILED-JULY 26, 2016

This appeal arises from an alleged assault of a student by a school employee. April Elaster ("Mother") filed a lawsuit against the Hamilton County Department of Education, Dean of Students Edward Rowe ("Rowe"), and part-time school administrator Carol Thomas ("Thomas") (collectively, "Defendants") in the Circuit Court for Hamilton County ("the Trial Court") on behalf of her minor son, Theodore Elaster, Jr. ("the Child"). Mother alleged that Rowe assaulted the Child, and her various counts arose from that alleged assault. After a trial, the Trial Court entered judgment in favor of Defendants, finding that any collision between Rowe and the Child was unintentional. Mother appeals to this Court. We find that the evidence does not preponderate against the Trial Court's finding that the alleged assault did not happen, and this finding serves to defeat all of Mother's claims. We affirm the judgment of the Trial Court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

April Elaster, pro se appellant.

D. Scott Bennett and Mary C. DeCamp, Chattanooga, Tennessee, for the appellees, Hamilton County Department of Education, Edward Rowe, and Carol Thomas.

## Background

This case centers on a May 1, 2012 incident at Dalewood Middle School when the Child, then a seventh-grade student, collided with Rowe in a hallway. Mother filed a complaint on her son's behalf against Defendants in the Trial Court, alleging violation of civil rights under 42 U.S.C. § 1983, negligent supervision, negligent retention, common law assault, common law battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and common law negligence. Mother alleged that Rowe assaulted the Child. Rowe, on the other hand, has denied throughout this case that he intentionally struck the Child, but rather that any contact in the hallway was unintentional on his part. This case was removed to the United States District Court. The § 1983 claim was dismissed in the United States District Court. The remaining Tennessee Governmental Tort Liability claims raised by Mother were remanded for resolution in the Trial Court.

The Child told guidance counselor Ashley Medley that Rowe had struck him. Medley brought the matter to Thomas's attention. No injuries to the Child were visible. When asked, the Child said that another student had witnessed the incident. The student, Trevon H. ("Trevon"), stated that the Child had tripped Rowe. When questioned about the incident, Rowe acknowledged that the two had collided. However, Rowe denied intentionally striking the Child, stating instead that he accidentally hit him with his elbow while regaining his balance. Thomas concluded that the Child's version of events was not the true one when weighed against the other two eyewitness accounts of Rowe and Trevon. Thomas explained to the Child and Mother that if the matter were pursued, it would result in the Child's expulsion for kicking a teacher under the zero tolerance policy.

At trial, the Child testified that Rowe intentionally struck him. Trevon's testimony vacillated. Initially, Trevon denied having stated that the Child tripped Rowe. Trevon was confronted with his earlier account stating that the Child tripped Rowe, which he acknowledged as true. Mother testified that she took the Child to the hospital five days after the incident, and he was diagnosed with a contusion. In November 2015, the Trial Court entered its final judgment. The Trial Court found in favor of Defendants on all counts. In its final judgment, the Trial Court stated as follows:

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

This matter was tried before the undersigned on October 13 and November 11, 2015 and taken under advisement.

The complaint in this action was filed on April 29, 2013 against the Hamilton County Department of Education, Edward Rowe and Carol Thomas. The complaint contains eight counts: violation of civil rights under 42 U.S.C. § 1983, negligent supervision, negligent retention, common law assault, common law battery, intentional infliction of emotional distress, negligent infliction of emotional distress and common law negligence. The factual allegations surround an alleged event which occurred on May 1, 2012, in which the Plaintiff's son was allegedly struck by Defendant Rowe.

This action was then removed to the United States District Court on May 16, 2013. By Order, entered September 23, 2014, the United States District Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 and remanded the case to the Circuit Court for Hamilton County, Tennessee. On December 3, 2014, Plaintiff's attorney was permitted to withdraw, and Plaintiff continued *pro se*.

At the trial of this action, testimony was received from Theodore Elaster and adjourned because of the failure of Trevon . . . to appear pursuant to a validly issued subpoena. Upon resumption of the trial on November 11, 2015, the Court received evidence from Trevon . . ., Carol Thomas, Edward Rowe, Natia Davis, Ashley Medley and Steve Holmes. The only issue in this case is whether Coach Edward Rowe intentionally struck Theodore Elaster. **After hearing the testimony of all witnesses, the Court is of the opinion that while there may have been an inadvertent collision in the halls of Dalewood School between Coach Edward Rowe and Theodore Elaster, there was no intent involved.** Consequently, the Court will find for the Defendant in this case. For the foregoing reasons, it is hereby

ORDERED, ADJUDGED and DECREED that judgment is entered in favor of all Defendants in this case; and it is further

ORDERED that the costs of this cause are taxed to the Plaintiff.

(emphasis added).

Mother filed an appeal to this Court.

## Discussion

Mother presents the following issue for review on appeal: "Whether the decision of the Circuit Court should be overturned and the case remanded for further proceedings when the court issued a ruling that was not based on any legal explanation as to why the defendant Department of Education was not accountable for the protection of a minor child assaulted by an adult on school property during school hours, and the decision did not address issues of liability on eight (8) of the nine (9) issues presented."

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As our Supreme Court has instructed:

> When credibility and weight to be given testimony are involved, considerable deference must be afforded to the trial court when the trial judge had the opportunity to observe the witnesses' demeanor and to hear in-court testimony. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997) (quoting *Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996)). Because trial courts are able to observe the witnesses, assess their demeanor, and evaluate other indicators of credibility, an assessment of credibility will not be overturned on appeal absent clear and convincing evidence to the contrary. *Wells v. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

*Hughes v. Metro. Gov't of Nashville and Davidson County*, 340 S.W.3d 352, 360 (Tenn. 2011).

On appeal, Mother argues that she and her son were denied access to justice because the Trial Court failed to rule specifically on each count raised in her complaint. However, the dispositive issue is whether the Trial Court's order is sufficient to dispose of all claims raised by Mother, and whether the Trial Court erred in ruling as it did on the merits of Mother's claims.

All of Mother's claims arise out of the alleged incident between the Child and Rowe at Dalewood Middle School on May 1, 2012. In Mother's presentation of her issue for review in her brief on appeal, she frames the matter in relevant part as "why the defendant Department of Education was not accountable for the protection of a minor child assaulted by an adult on school property . . . ." The problem with Mother's assertion is that it assumes as fact that an assault took place. The Trial Court did not reach that conclusion and instead found that any collision that occurred between Rowe and the Child was inadvertent in nature. Mother's claims depend entirely on an assault having taken place. It is, therefore, incumbent upon Mother to demonstrate that the evidence preponderates against the Trial Court's factual finding as to the collision.

Having carefully reviewed the record on appeal, we find that the evidence does not preponderate against the Trial Court's finding. The only firsthand witness to the incident to state consistently that the Child was assaulted was the Child himself. Trevon's testimony was inconsistent. Rowe testified that while he collided with the Child, he never intentionally struck the Child. The Trial Court implicitly made credibility determinations, as was its prerogative, in determining which version of events was the correct one. We affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, April Elaster, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE